## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DAVID HERRERA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11-CV-2558-EFM-GLR** |
| | ) | |
| **EASYGATES, LLC, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

In this action Plaintiff sues his former employers for race discrimination, harassment, and retaliation.[1]  The Court has under consideration Plaintiff's Motion for Protective Order (ECF No. 39).  Pursuant to Fed. R. Civ. P. 26(c), he seeks to bar a proposed subpoena duces tecum to his current employer, AMG Services (AMG).  For the reasons set out below, the Court grants the motion.

### I.    Relevant Factual Background

Plaintiff worked as a store manager for one or both Defendants for several months until his termination.  He claims he was harassed and wrongfully terminated on the basis of his race or in retaliation for complaining about a racially hostile work environment.  Defendants deny those claims and contend he was terminated for legitimate, non-discriminatory reasons.  They further assert they then learned of other legitimate grounds for termination.

Defendants deposed Plaintiff to determine his efforts to mitigate his damages and to assess his credibility.  Plaintiff testified he remained unemployed for twenty-seven months, until he began work for AMG through a temporary services agency in August 2011.[2]  He further testified that he

---

[1]Compl. (ECF No. 1).

[2]Dep. Herrera at 14-15, 21-22, attached as Ex. A to Defs.' Mem. Opp'n (ECF No. 42).

had never worked for pay at a restaurant (Los Coquitos), owned by his mother.[3]  That testimony is contrary to his application of employment, in which he stated that he had managed that restaurant from August 2006 to June 2007 for an annual salary of $30,000.[4]  In his deposition Plaintiff admitted he was not paid for any work at the restaurant.[5]

On June 6, 2012, Defendants notified Plaintiff of their intent to serve a subpoena on AMG to obtain his personnel records.  The proposed subpoena seeks:

> Any and all records within the personnel file of David Herrera . . ..  This request includes, but is not limited to, employment application, job performance records, timesheets, attendance and payroll records, workers compensation records and any discrimination claims, and any other documents contained within said employees [sic] personnel file.[6]

Plaintiff seeks to bar this subpoena, because it unnecessarily jeopardizes his current job and is simply a speculative fishing expedition.

In response to the motion, Defendants contest the characterization of fishing expedition. They agree, nevertheless, to limit the subpoena to the application of Plaintiff for employment with AMG, any resume or similar description of work history prepared or supplied by him to AMG, and payroll information regarding gross wages paid to him.  They also agree to accept from Plaintiff copies of his W-2 for wages paid in 2011.  But for 2012 payroll information, they insist on obtaining the information directly from AMG.  They contend that the requested documents are relevant to issues of mitigation of damages and the credibility of Plaintiff, especially in light of false or mis-

---

[3]*Id.* at 26, 31.

[4]*Id.* at 65, 72.

[5]*Id.*

[6]*See* Ex. B attached to Compl. (ECF No. 1-2).

leading information he provided them about managing his mother's restaurant.

Plaintiff has agreed to provide copies of W-2 and other pay records issued to him by AMG and has stated he will supplement such records through the date of trial.[7]   He has also agreed to authorize them to obtain copies of his relevant tax records.[8]   He continues to oppose the subpoena in all other respects.  The motion is ready for ruling.

## II.    Motion for Protective Order

Plaintiff argues that the proposed subpoena is harassing and could jeopardize his current employment.[9]   He objects that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.[10]   He further objects that the requested discovery is available from a more convenient source and that the burden of the discovery outweighs its likely benefit.[11]   He urges the Court to bar the subpoena.

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The movant must show good cause for a protective order.[12]   If the party opposing the discovery provides a sufficient basis for the Court to find good cause, the Court also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of

---

[7]Reply (ECF No. 47) at 4.

[8]*Id.*

[9]Mot. at 3.

[10]*Id.*

[11]*Id.* (relying on Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii)).

[12]*Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

the circumstances justifies the entry of a protective order.[13]

Courts have broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation at hand.[14]   Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[15]   Despite the broad grant of discretion given the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[16]   To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[17]

Plaintiff has shown good cause to preclude the requested subpoena.   When a plaintiff has pursued an employment discrimination case against his former employer, a subpoena issued by the former employer to the plaintiff's current employer is by its nature subject to abuse.   In general, such

---

[13]*See, e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").

[14]*Layne Christensen Co.*, 271 F.R.D. at 244.

[15]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[16]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[17]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

a subpoena may be used inappropriately to harass or oppress the plaintiff.[18]  Plaintiff has shown that the proposed subpoena unnecessarily jeopardizes his current job.  The subpoena is overly broad and primarily seeks documents irrelevant to this action.  Conceding that the subpoena seeks relevant payroll records, Plaintiff has agreed to provide those records and supplement his production through trial.  He also agreed to authorize Defendants to obtain copies of his relevant tax records.  These alternate sources for obtaining the admitted relevant information provides good cause to protect Plaintiff against discovery of the same information from his current employer.

Defendants concede the subpoena is overly broad as drafted.  They have agreed, therefore, to limit it to three categories of documents – Plaintiff's AMG employment application, his resume or other description of work history supplied to AMG, and payroll information.  As limited, the Court agrees that the subpoena is not a speculative fishing expedition.  Defendants have adequately explained their purpose in obtaining those documents, given the issue of mitigation of damages and reasonable questions about the credibility of Plaintiff in light of differing information from his deposition and his employment application to Defendants.  Despite their explanation, the limitation proposed by Defendants does not cure the harassing or oppressive nature of the subpoena.  They have not justified a need to obtain the documents directly from AMG.

As already mentioned, Plaintiff has agreed to provide relevant payroll records.  Defendants have agreed to accept payroll information for 2011 from him in lieu of seeking it through the third-party subpoena.  They do not justify their refusal to accept all payroll information from him.  Given his agreement to supplement the 2011 information with more recent payroll information, good cause

---

[18]*See Hunsaker v. Proctor & Gamble Mfg. Co.*, No. 09-2666-KHV, 2010 WL 5463244, at *1, 5-6 (D. Kan. Dec. 29, 2010).

exists to preclude Defendants from obtaining financial information from AMG.[19]  Defendants have provided no justifiable reason to require such information from a third-party, particularly from the current employer.

Although Plaintiff has not agreed to provide his AMG resume or employment application directly to Defendants, the Court sees no reason he cannot do so.  If he lacks his own copy, he can request the documents directly from AMG without resort to a subpoena from Defendants.  The documents may provide information about any efforts by Plaintiff to mitigate his damages, i.e., whether he stated that he worked at his mother's restaurant or other job during his period of unemployment,[20] or could be used to challenge his credibility.  Such documents, however, are "discoverable through a lesser intrusive means than serving a subpoena on [Plaintiff's] current employer", i.e., they may be obtained directly from Plaintiff.[21]  Defendants may seek the documents directly from Plaintiff through Fed. R. Civ. P. 34,[22] and if he refuses or cannot produce them, the Court can

---

[19]See *Hunsaker v. Proctor & Gamble Mfg. Co.*, No. 09-2666-KHV, 2010 WL 5463244, at *5-6 (D. Kan. Dec. 29, 2010).

[20]Plaintiff suggests that tax and unemployment records are better sources to verify his employment history between the time of his termination and his hiring by AMG.  *See* Reply at 4. While that may be generally true, it ignores potential employment off the books at a family-owned business.  This is more than a speculative possibility in this case.  Not only did Plaintiff's mother own a restaurant, but Plaintiff also worked there off the books prior to working for Defendants. Although Plaintiff ultimately stated that he was not paid for his work, he twice stated at his deposition that he was not "on the payroll."  *See* Dep. Herrera at 31, 65.  Not being on payroll indicates that there are no official business records to support the employment.  But that characterization also leaves open the possibility that work and payment for such work was merely off the books.

[21]See *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 255 (S.D. Ind. 2002).

[22]See Fed. R. Civ. P. 26(c)(1)(C) (permitting courts to "prescrib[e] a discovery method other than the one selected by the party seeking discovery").  The Court hereby extends the discovery deadline for the limited purpose to permit Defendants to serve the Rule 34 request.

further consider whether it should permit a subpoena to AMG.[23]  At this juncture, there is good cause to preclude Defendants from obtaining the resume and employment application directly from AMG. In summary, for good cause shown, the Court bars the requested subpoena as oppressive under Fed. R. Civ. P. 26(c)(1).

## III.    Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion for Protective Order (ECF No. 39).  The Court hereby bars Defendants from serving a subpoena on the current employer of Plaintiff, AMG Services, without further order of the Court.  In light of his agreement to provide payroll information, he shall forthwith produce for inspection and copying by Defendants his 2011 W-2 form from AMG and signed authorizations to enable them to obtain his relevant tax records, if he has not already done so.  As he has agreed, he shall supplement that production with additional payroll information received from AMG.  Even though the Court has granted the motion in its entirety, the circumstances make an award of expenses unjust.[24]  Each party shall be responsible for its or his own expenses on the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 23rd day of October, 2012.**


S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

---

[23]*See Graham*, 206 F.R.D. at 255.

[24]*See* Fed. R. Civ. P. 37(a)(5)(A) (made applicable through Fed. R. Civ. P. 26(c)(3)).